```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

LAKEWOOD CHIROPRACTIC CLINIC,    §
                                 §
         Plaintiff,              §
                                 §
v.                               §    CIVIL ACTION NO. H-09-1728
                                 §
TRAVELERS LLOYDS INSURANCE       §
COMPANY; and SONJA R. VICTOR     §
                                 §
         Defendants.             §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Lakewood Chiropractic Clinic's Motion to Remand (Document No. 6). After carefully considering the motion, response, and the applicable law, the Court concludes as follows.

I. Background

This is a Hurricane Ike insurance dispute. Plaintiff Lakewood Chiropractic Clinic ("Plaintiff") filed a claim under its insurance policy (the "Policy") with Travelers Lloyds Insurance Company ("Travelers") for hurricane damage to its office at 2215 Airline Drive, Houston, Texas, 77009 (the "Property"), and business interruption losses.[1] Travelers assigned Nate Stanton as the claims adjuster.[2] By letter dated November 3, 2008, Nate Stanton denied Plaintiff's claim after finding that the amount of

---

[1] Document No. 1, ex. 1 (Plaintiff's Original Petition & Jury Demand).

[2] Document No. 7 at 2; Document No. 1, ex. F-1.

Plaintiff's damages was less than the deductible on the Policy.[3] Plaintiff's attorney sent a demand letter addressed to Nate Stanton dated December 16, 2008, disputing Nate Stanton's estimation of Plaintiff's damages and alleging that "[a]djusters employed by your company appear to have violated the Texas Insurance Code with respect to their own acts and omissions in the handling of [Plaintiff's] claim."[4]  By letter dated January 30, 2009, Defendant Sonja Victor ("Victor")--another claims adjuster at Travelers-- acknowledged the receipt of Plaintiff's demand letter and asked Plaintiff's permission to have a third party inspect the Property "in order to place your demand and the positions that you have articulated in context."[5]  About five weeks later, after Travelers received a revised estimate of loss from Plaintiff, Victor by letter to Plaintiff's counsel identified an engineer to inspect the claimed exterior damage.  When Plaintiff declined a further inspection, Victor wrote another letter dated March 22, 2009, to Plaintiff's counsel, drawing attention to the Policy clause that in Travelers's opinion required the insured to permit a further inspection, and explaining the need for an engineer to evaluate whether the awning and roof required replacement rather than mere repair as had first been determined.

---

[3] Document No. 1, ex. F-1.

[4] Document No. 7, ex. B.

[5] Document No. 6, ex. B.

On April 21, 2009, Plaintiff sued Travelers and Victor in state court.  Defendants removed based on diversity, claiming that Victor was joined improperly to defeat diversity jurisdiction.  It is undisputed that Travelers is a citizen of Connecticut[6] and Plaintiff and Victor are Texas citizens; therefore, if Victor was joined properly, the Court lacks subject matter jurisdiction.

## II.   Discussion

### A.   Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003). Here, Defendants do not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. Id. at 462.  A reasonable basis for state liability requires that there be a *reasonable*

---

[6] Travelers, as an unincorporated insurance association, is considered to have the citizenship of each of its underwriters. Royal Ins. Co. of Am. v. Quinn-L Cap. Corp., 3 F.3d 877, 882-83 (5th Cir. 1993).  Travelers has twelve underwriters, all of whom are Connecticut citizens.  Document No. 1, ex. E.

possibility of recovery, not merely a *theoretical* one.  Id.  The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).  Nonetheless, the party claiming fraudulent joinder bears a "heavy" burden of persuasion.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).  All contested issues of fact and any ambiguities in state law must be resolved in favor of remand.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007) (citing Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005)).

B.  Discussion

    1.  Whether Plaintiff Has a Reasonable Possibility of Recovering Against Defendant Victor

Plaintiff asserts that Travelers breached its duty of good faith and fair dealing, and that Travelers and Victor are liable jointly for (1) breach of the insurance contract; (2) violations of the Texas Insurance Code; (3) violations of the Texas Deceptive

Trade Practices Act ("DTPA"); and (4) fraud.  Regarding the first claim against both Defendants, Texas law is clear that an insurance agent that is not in a contractual relationship with the insured cannot be liable for breach of contract.  Blanchard v. State Farm Lloyds, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (Rosenthal, J.) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)).  Plaintiff does not allege that it was in a contractual relationship with Victor; therefore, Plaintiff's breach of contract claim against Victor is dismissed.

Texas law does, however, recognize suits against insurance adjusters in their individual capacities under the Insurance Code and the DTPA, and for common law fraud.  Both the Texas Insurance Code and the DTPA apply to "any person" who commits one of the statutes' prohibited acts or practices.  *See* TEX INS. CODE ANN. 541.002-541.003 (Vernon's 2009); TEX. BUS. & COM. CODE ANN. 17.50 (Vernon's Supp. 2009).  Adjusters like Victor are considered "persons" under these statutes and may be personally liable for violating the statutes.  TEX INS. CODE ANN. 541.002; Blanchard, 206 F. Supp. 2d at 845 (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code).[7]  Because Texas law recognizes

---

[7] Plaintiff's DTPA claim is based on liability under the Texas Insurance Code.  The DTPA provides that "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish . . . . the use or employment by any person of an act or practice in violation of

5

these claims against adjusters, the issue becomes whether Plaintiff properly has stated a claim against Victor for her work as the adjuster.

Plaintiff asserts that the following portion of its state court petition "detail[s] the specific wrongful acts in which Defendant Victor engaged":

1. Travelers assigned Defendant Ms. Victor as the adjuster.

2. Defendants wrongfully denied Lakewood's claim for property repairs and business interruption losses. Furthermore, Defendants have underestimated damages during their investigation.

3. Travelers and Ms. Victor failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).

4. Travelers and Ms. Victor failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5. Travelers and Ms. Victor failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv)).

6. Travelers and Ms. Victor refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).

7. Travelers and Ms. Victor misrepresented the

---

Chapter 541, Insurance Code." TEX. BUS. & COMM. CODE ANN. § 17.50 (Vernon's Supp. 2009).

       insurance policy under which it affords property coverage to Lakewood, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1) & (2) (formerly Art. 21.21 §4(11)(a) &(b)).

8. Travelers and Ms. Victor failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

9. Travelers and Ms. Victor failed to timely commence investigation of the claim or to request from Lakewood any additional items, statements or forms that Travelers reasonably believes to be required from Lakewood in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

10. Travelers and Ms. Victor failed to notify Lakewood in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Travelers in violation of Texas Insurance Code Section 542.056(a).

11. Travelers and Ms. Victor delayed payment of Lakewood's claim in violation of Texas Insurance Code Section 542.058(a).[8]

This is a near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code. Plaintiff's petition fails to allege facts illustrating what actions are attributable to Victor individually. *See* Frisby v. Lumbermens Mut. Cas. Co., No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (Miller, J.) (finding virtually identical complaint--drafted by the same attorneys that drafted this complaint--listing statutory provisions of the Insurance Code and stating that such provisions were

---

[8] Document No. 6 at 12-13.

violated by the insurance company and adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]").[9] Plaintiff implicitly recognizes this pleading deficiency by stating in its Motion to Remand, "As is plainly gleaned from [Plaintiff]'s Original Petition, Defendant Victor's handling of the claim provides *much of the basis* for Lakewood's causes of action against

---

[9] *See also* Bailey v. State Farm Lloyds, No. H-00-3638, 2001 WL 34106907, at *4-6 (S.D. Tex. April 12, 2001) (Gilmore, J.) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); Broadway v. Brewer, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster]. . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

both Defendants."[10]  "Much of the basis" for Plaintiff's claims is not quantified, specified, or explained, but at least it means that not all of Plaintiff's claims against Travelers are based on Victor's conduct, and that "much" may not be based on any of Victor's conduct.  Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions.  See Weldon Contractors, 2009 WL 1437837, at *3-4 (holding that the plaintiff's "legal conclusions couched as factual allegations" do not do not provide a reasonable possibility of recovery).[11]

Even when the Court pierces the pleadings and examines the evidence submitted by the parties, Plaintiff still lacks a reasonable possibility of recovery against Victor.  To support its claims against Victor, Plaintiff proffers the affidavit of its

---

[10] Document No. 6 at 7 (emphasis added).

[11] Plaintiff's fraud claim against Victor fails for the same reason.  Plaintiff's claim asserts that "Travelers and Ms. Victor acted fraudulently as to each representation made to Lakewood concerned material facts for the reason it would not have acted and which Travelers and Ms. Victor knew were false or made recklessly without any knowledge of the truth." Document No. 1, ex. A.  Here, like the claims under the Insurance Code and DTPA, Plaintiff fails to allege facts illustrating what actions are attributable to Victor individually. Moreover, Plaintiff fails even to allege *what* misrepresentations were made by Victor, which is required in a Texas state court petition.  41 TEX. JUR. 3d. § 71 (2009) ("Allegations concerning fraudulent representations should be clear, and the pleading should contain specific allegations of the acts and conduct relied upon by the defrauded party.  The allegations must be definite and certain." (internal citations omitted).

office manager, Jan Barnet, and Victor's three letters.[12]  Ms. Barnet's affidavit merely reiterates the legal conclusions asserted in the state court petition, and provides no additional facts to support Plaintiff's claims against Victor.  Further, Victor's letters to Plaintiff do not support Plaintiff's claims.  It is uncontroverted that Victor was not the claims adjuster that originally investigated and denied Plaintiff's claim.[13]  Nate Stanton--another claims adjuster--performed the original investigation, estimated the amount of Plaintiff's loss, and denied Plaintiff's claim by letter dated December 3, 2008.[14]  It is further uncontroverted that Victor was assigned to review Plaintiff's claim only *after* Plaintiff sent a demand letter addressed to Nate Stanton on December 16, 2006, disputing Nate Stanton's estimate of Plaintiff's damages and alleging that "[a]djusters employed by your company appear to have violated the Texas Insurance Code with respect to their own acts and omissions in the handling of [Plaintiff's] claim."[15]  In the three letters Victor sent to Plaintiff's counsel, on January 30, 2009, March 6, 2009, and March 22, 2009, Victor first acknowledges that Travelers had received the attorney's demand letter and sought permission to make an

---

[12] Document No. 6, ex. E (Barnet Aff.); Id., exs. B, C, D.

[13] Document No. 1, ex. F (Victor Aff.).

[14] Id., ex. F-1.

[15] Document No. 7, ex. B.

inspection of the property "to place your demand . . . in context," and later, after Plaintiff delivered to Travelers a revised estimate, sought permission for Travelers's retained engineer "to inspect the exterior damage."[16] These letters merely establish that Victor had *some* involvement in a further investigation of Plaintiff's claim after Nate Stanton had denied it and later, after Plaintiff revised its claim. There is nothing in these letters, or anywhere else in the record, from which one could find that Plaintiff has a *reasonable possibility* of recovering on any claim against Victor.

    2.   <u>Whether Remand is Appropriate under *Smallwood*</u>

Plaintiff also asserts, apparently in the alternative, that even if it has no reasonable possibility of recovering against Victor, the case should nonetheless be remanded under <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568 (5th Cir. 2004). In <u>Smallwood</u>, the Fifth Circuit held that when the grounds for finding that there is no reasonable basis for recovery against the in-state defendant would equally dispose of all claims against the diverse defendants, the entire case should be remanded because, "there is no improper joinder; there is only a lawsuit lacking merit." <u>Id.</u> at 574. The principle in <u>Smallwood</u> is implicated only when the common defense asserted would be equally dispositive of *all* claims

---

[16] Document No. 6, exs. B, C, D.

against *all* defendants.  McDonal v. Abbott Labs., 408 F.3d 177, 184 (5th Cir. 2005); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636, 638 (5th Cir. 2004).  As observed above, Plaintiff has surviving claims against Travelers that do not apply to Victor (i.e., breach of contract and breach of duty of good faith and fair dealing), to which Victor's defenses are inapposite.  Accordingly,  Smallwood does not apply.  *See* Broadway, 2009 WL 1445449, at *3.

### III.  Order

Accordingly, it is

ORDERED that Plaintiff Lakewood Chiropractic Clinic's Motion to Remand (Document No. 6) is DENIED.  It is further

ORDERED that all of Plaintiff Lakewood Chiropractic Clinic's claims against Defendant Sonja R. Victor are DISMISSED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 27th day of October, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE